U.S. DISTRICT COURT
DISTRICT OF MARYLAND

FEB 19 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

UNITED STATES · DISTRICT OF MARYLAND

NORTHERN · DIVISION

---

Motion under Title 18 U.S.C. §3582 (c) (2) and U.S. Sentencing Guidelines §1b1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction In Base Offense Level for Cocaine Base

---

WILHELMINA ANDERSON,
Petitioner,

Vs.                              Criminal Case No. L-00-033

United States of America.

---

COMES NOW, the Petitioner, WILHELMINA ANDERSON, acting on her own behalf and REQUESTS this Honorable Court to use its discretion and GRANT her the relief provided in the 2007 Guideline Amendment Nine. Amendment Nine modified the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine (cocaine base) offenses, base offense levels corresponding to guideline ranges that include the statutory minimum penalties.

Accordingly, pursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category of I, which includes the five-year (60 month) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offense. The base offense levels for 5 grams and 50 grams of cocaine base were levels 26 and 32, respectively, before Amendment Nine. Cocaine base offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

Based on the following information, Petitioner qualifies for the two level reduction in her sentence and REQUESTS that relief be granted:

1. Date of conviction (whether by guilty plea or trial) __08/24/01__

2. Date of sentencing (the last time you were sentenced, if you were re-sentenced)
   __09/24/01__

3. Did cocaine base alone cause your Base Offense Level (BOL) to be greater than level 12? If no, Amendment Nine does not apply to you. If "Yes" or "Don't know", proceed with this motion.

4. List the level that your sentence was based and the count related to the level.
   Level __32__ for count(s) __1__
   Level __12__ for count(s) __1__
   Level _____ for count(s) _____
   (If you received more than one sentence and the sentences are different use additional lines)

5. What was your Criminal History Category? (Circle One)
   ( I )   II   III   IV   V   VI

6. What was your sentencing rage and sentence before Amendment Nine?
   Sentencing range __108-135 month__. I received a sentence of __120 month__ for count __1__. If applicable, write in any other sentences you received for cocaine base that is different from the sentence you listed.

7. What is your offense level and sentencing range after a two-level reduction base on Amendment Nine?
   Level __1__ Sentencing range __87-108__ Count(s) __1__
   If more than one sentence that is different from the one above (drug sentences only).
   Level _____ Sentencing range _____ Count(s)_____
   Level _____ Sentencing range _____ Count(s)_____

8. Petitioner's projected release date at this time is __06/05/10__
   Petitioner respectfully requests to be sentenced at the bottom of her new sentencing range.

   Respectfully submitted this __02__ day of __13__, 200__8__.

   Signature of Petitioner _Wilhelmina Anderson_
   Typed Name of Petitioner __WILHELMINA ANDERSON__
   Register Number __34006-037   A-4__
   Address of Petitioner __FEDERAL PRISON CAMP BOX A__
   __ALDERSON, WV. 24910__